UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY GUNTHER** ) | **Case Number** |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL COMPLAINT** |
| **vs.** ) | |
| ) | |
| **ACADEMY COLLECTION SERVICES** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Mary Gunther, by and through her undersigned counsel, Warren, Vullings & Vassallo, LLP, complaining of Defendant, and respectfully avers as follows:

**I.    INTRODUCTORY STATEMENT**

1.    Plaintiff, Mary Gunther (hereinafter "Plaintiff"), is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.    JURISDICTION**

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Mary Gunther, is an adult individual and citizen of the State of New York, residing at 232 St. Joseph Street, Rochester, New York 14617.

5. Defendant, Academy Collection Services ("Defendant"), at all times relevant hereto, is and was a debt collector engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 10965 Decatur Road, Philadelphia, Pennsylvania 19154.

6. Defendant is engaged in the collection of debts from consumers using the mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around June 27, 2008, plaintiff received a call on her ex-husband's telephone from Adam Parker, who told her she had 24 hours to contact them "or else". Defendant then demanded a street address for plaintiff, who was reluctant to provide that information not knowing who or what the caller was calling about. The caller belligerently screamed at plaintiff "why not?!" Plaintiff told the caller she did not have to provide such personal information over the phone to a stranger, to which defendant responded, "Mary Gunther is using an address for her bill and if she doesn't live there she is a liar". He then threatened to call the Social Security office to obtain plaintiff's address.

8. On July 7, 2008, Brian Dawson called "regarding an application Mary Gunther that has been submitted". Plaintiff asked what the application was for and Mr. Dawson responded, "Who is this?" Plaintiff then asked him to identify himself and for whom he was calling, whereupon Mr. Dawson said it was none of her business and hung up. Plaintiff did not submit an application for anything, so Mr. Dawson lied to her as a pretext for the debt collection call.

8. Plaintiff told Mr. Dawson to stop calling her and Mr. Dawson told her he would keep calling until he "got Mary Gunther".

9. Defendant's intimidating, deceptive and heavy-handed conduct relative to the collection of a debt is a violation of the FDCPA.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

10. The above paragraphs are hereby incorporated herein by reference.

11. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. 15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt as stated more clearly above.

b. 15 U.S.C. 1692e(11), in that Defendant failed to state in a series of telephone calls that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

      c.      15 U.S.C. 1692d, in that Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

      d.      15 U.S.C. 1692b(1), in that Defendant failed to identify itself as a debt collector.

      e.      15 U.S.C. 1692d(2), in that Defendant used abusive language by calling plaintiff a "liar" to intimidate and harass her into paying a purported debt.

      f.      15 U.S.C. 1692d(6), in that Defendant placed telephone calls without disclosing the identity of defendant.

      g.      15 U.S.C. 1692e(11), in that Defendant failed to communicate a mini-Miranda warning in any of its contacts with plaintiff.

      h.      15 U.S.C. 1692g, in that Defendant failed to send plaintiff a 30-day validation notice within five days of the initial communication with plaintiff.

      12.      As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant and Order the following relief:

      a.      Declaratory judgment that the Defendant's conduct violated the FDCPA;

      b.      Actual damages;

  c. Statutory damages pursuant to 15 U.S.C. §1692k;

  d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

  e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

           **Respectfully submitted,**

           **WARREN, VULLINGS & VASSALLO, LLP**

**Date: 7/08/08**      BY: __/s/Brent F. Vullings_____
           Brent F. Vullings
           Warren, Vullings & Vassallo LLP
           1603 Rhawn Street
           Philadelphia, PA  19111
           215-745-9800   Fax 215-745-7880
           Attorney for Plaintiff